**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      CR. NO. 02-2043 BB

DONALD TRUJILLO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of the "United States' Motion in Limine for a Pretrial Ruling on the Admissibility of Co-Conspirator Statements and Tape Recordings" (Doc. 212). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that recorded conversations between Sal and Joe Lucero are not admissible as coconspirators' statements pursuant to F.R.E. 801(d)(2)(E).

Pursuant to Rule 801(d)(2)(E), the government is entitled to admit statements that would otherwise be excluded as hearsay if it establishes by a preponderance of the evidence that: (1) a conspiracy existed; (2) both the declarant and the defendant were members; and (3) the statements were made in furtherance of the conspiracy. United States v. Heckard, 238 F.3d 1222, 1230 (10th Cir. 2001). The Rule's reference to a conspiracy is misleading; rather than turning on whether the government can establish a conspiracy under the standards for a criminal conviction, the issue under Rule 801(d)(2)(E) is whether the relevant parties are engaged in a joint venture or common enterprise. See Committee Note to Rule 801(d)(2)(E); United States v. Russo, 302 F.3d 37, 44-45 (2d Cir. 2002). The basis for this distinction lies in the fact that Rule 801(d)(2)(E) is

grounded on principles of agency.  Hitchman Coal & Coake Co. v. Mitchell, 245 U.S. 229, 249 (1917); United States v. Anderson, 417 U.S. 211, 218 n.6 (1974) ("The rationale for both the hearsay conspiracy exception and its limitations is the notion that conspirators are partners in crime.  As such, the law deems them agents of one another.").  Thus, the admissibility of a statement under Rule 801(d)(2)(E) depends on the nature of the statement offered (i.e., what objective it seeks to advance) and whether the defendant was jointly engaged with the declarant in a conspiracy seeking that objective.  Russo, 302 F.3d at 46.

Here, the government has not demonstrated that Trujillo and the Luceros shared a common objective.  Instead, the evidence suggests that they were on opposite sides of a single transaction.  There is no evidence that Trujillo acquired cocaine from the Luceros either before or after the deal at issue.  Nor is there sufficient evidence to establish that Trujillo was an intermediate distributor in a larger distribution chain.[1]  Even in the most factually analogous cases from this and other jurisdictions admitting statements under Rule 801(d)(2)(E), the Court required proof that the declarant's interests were more closely aligned with those of the defendant than the government has established in this case.  See United States v. Gonzales-Montoya, 161 F.3d 643, 648-49 (10th Cir. 1998); Russo, 302 F.3d at 44-48; United States v. Swidan, 888 F.2d 1076, 1081(6th Cir. 1989); United States v. Dworken, 855 F.2d 12 (1st Cir. 1988); United States

---

[1]The government correctly notes that, although the relationship between a buyer and seller is insufficient to establish a criminal conspiracy, the exception only applies to consumers who do not plan to redistribute drugs for profit.  United States v. Ivy, 83 F.3d 1266, 1285-86 (10th Cir. 1996).  However, the buyer-seller distinction is only useful in applying Rule 801(d)(2)(E) insofar as it aids the Court in determining whether treating the parties as coconspirators is consistent with the principles of agency underlying the Rule.  Thus, although the government provided testimony suggesting that four ounces of cocaine is consistent with redistribution, it has not demonstrated that Trujillo was tied to the Luceros in a distribution chain that aligned his interests with theirs.

v. Regilio, 669 F.2d 1169, 1173-76 (7th Cir. 1981).  See generally United States v. Evans, 970 F.2d 663, 673 (10th Cir. 1992) (reversing conviction for criminal conspiracy for distribution of crack where the only evidence supporting the conviction showed that the defendant made a single purchase of four ounces of crack and lent scales to members of the conspiracy for the purpose of weighing drugs).  This Court declines to stretch the Rule to fit the facts presented.

**DATED** at Albuquerque this 27th day of June, 2003.

*(signature)*
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For the United States:
    David C. Iglesias, United States Attorney, Albuquerque, NM
    James R.W. Braun, Assistant United States Attorney, Albuquerque, N.M.

For Defendant:
    Paul J. Kennedy, Kennedy & Han, P.C. Albuquerque, NM