FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 0 5 2004
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-04-0232 BB/WDS
CR-02-2043 BB

JOE ANTHONY LUCERO,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #302) filed March 1, 2004. Rule 4(b) Governing Section 2255 Proceedings. Defendant pleaded guilty to three counts of an indictment and to an information. He now contends the Court made four errors in calculating his sentence. He claims he was wrongly denied a three-point (instead of two-point) reduction under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1; his sentence calculation was improper for lack of independent determination of drug quantity; and he was denied downward departures for minimal role in the offense and for his medical condition. Except for the drug-quantity claim, the violations allegedly resulted from ineffective assistance of counsel.

Defendant first asserts that he was entitled to an additional one-point reduction under U.S.S.G. § 3E1.1 for his timely assistance in the investigation or prosecution of his misconduct. Even though he expressly waived this reduction in his plea agreement, he now argues that because a trial was avoided, his attorney rendered ineffective assistance by not arguing for the additional reduction. Five months elapsed between the indictment and plea, and Defendant filed three motions

304

to suppress evidence--not particularly timely or helpful. "We note that the reduction [Defendant] seeks is generally reserved for defendants who accept responsibility 'particularly early in the case.'" *United States v. Kelly*, No. 95-6294, 1999 WL 989335, at **8 (10th Cir. Oct 29, 1999) (quoting U.S.S.G. § 3E1.1, comment. n. 6)). Even if the reduction had been argued at sentencing, the decision would have been well within the Court's discretion. *Kelly*, 1999 WL 989335, at **8. Under the standards in *Kelly* and § 3E1.1, Defendant makes no showing of entitlement to the reduction or of prejudice resulting from counsel's failure to make the argument. *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). This claim will be dismissed.

Defendant's second claim, for lack of independent determination of drug quantity, is barred by two separate doctrines. First, because Defendant pleaded guilty to the amounts used in the sentence calculation, he may not now attack the Court's calculation based on those amounts. "Defendant's entry of an unconditional guilty plea to the charges . . . waived all nonjurisdictional defenses." *United States v. Kunzman, United States v. Kunzman*, 125 F.3d 1363, 1365 (10th Cir. 1997); *see also Davidson v. United States*, 349 F.2d 530, 534 (10th Cir. 1965) (guilty plea "eliminated any necessity for the production of evidence on behalf of the government."). And second, this claim is barred by Defendant's failure to appeal his sentence. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982). This claim will be dismissed as barred.

In his third issue, Defendant claims his attorney failed to argue for a departure based on minimal role in the offense. U.S.S.G. § 3B1.2. He alleges there "is virtually no record" of his participation in planning the transactions or of his involvement in "the multiple transactions made

by the other Defendants." The transcript of the sentencing hearing indicates that the Court took a different view of Defendant's role. "The Court notes defendant was actively involved in drug trafficking and in an organization to promote that, he used a telephone to facilitate such drug trafficking. . ." (Tr. of 7/21/03, at 9). This is not the minimal role contemplated in § 3B1.2. *See United States v. Dorrough*, No. 02-6237, 2003 WL 21228269, at **2 (10th Cir. May 28, 2003) ("In denying the minimal role adjustment, the district judge noted his familiarity with the case and with defendant's particular role . . . [as] more than simply a minimal player who did not understand the scope and structure of the enterprise."). Defendant was not prejudiced by his attorney's failure to argue for this departure, *Cooks*, 165 F.3d at 1292-93, and the claim will be dismissed.

For his fourth issue, Defendant claims his attorney failed to argue "vigorously" for a departure based on Defendant's alleged extraordinary physical impairment. To the contrary, counsel filed a detailed motion and supplement thereto, with numerous attachments, arguing this exact point, and discussion of the issue at sentencing covers six pages of transcript. The motion does not identify any omissions or errors in counsel's arguments on this issue. Defendant is not entitled to relief, Rule 4, and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #302) filed March 1, 2004, is DISMISSED; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

UNITED STATES DISTRICT JUDGE